# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Amber Priddy<br>    *Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    251 Little Falls Drive<br>    Wilmington, DE 19808<br><br>Stenger & Stenger, P.S.C.<br>    *Defendant*<br>Serve:<br>    CT Corporation System<br>    306 West Main Street, Suite 512<br>    Frankfort, KY 40601 | Case No.  3:23-cv-535-BJB |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint by Plaintiff Amber Priddy for damages against Defendant LVNV Funding, LLC and Stenger & Stenger, P.S.C. for their separate violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and for the Kentucky state common law claim of abuse of process.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Plaintiff Priddy requests the Court take supplemental jurisdiction over her interrelated state-law abuse of process claim under 28 U.S.C. §1367. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Jefferson County, Kentucky, which is located within this District.

## PARTIES

3. Plaintiff Amber Priddy is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. §1692a(3).

4. Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company not registered with the Kentucky Secretary of State with principal place of business located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

5. LVNV's principal business purpose is purchasing debt in default from creditors and collecting the debts from consumers in the Commonwealth of Kentucky and in other states.

6. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and thus a "debt collector" within the meaning of the FDCPA as defined by 15 U.S.C. §1692a(6).

7. Defendant Stenger & Stenger, P.S.C. ("Stenger & Stenger") is a Michigan debt collection law firm with principal place of business located at 2618 East Paris Avenue SE, Grand Rapids, MI 49546 engaged in the business of collecting debts on behalf of others, such as LVNV Funding, LLC.

8. Stenger & Stenger regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. As explained on its website:

> Stenger & Stenger, P.C. is a leader in the consumer collections industry. The Firm has built its reputation on its consistent ability to out-perform in the service of its clients – regardless of the size or number of files placed. Our team of highly trained and dedicated attorneys, paralegals, skip tracers, and collectors approaches communication and collection efforts from a customer service-based approach. This, paired with our highly advanced methods for analyzing and working accounts, enables us to provide the highest quality service possible.[1]

9. Stenger & Stenger's principal business purpose is the collection of debt and is thus a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

---

[1] https://www.stengerlaw.com/practice-areas/collections/consumer/ (last accessed October 17, 2023).

**STATEMENT OF FACTS**

10. On July 31, 2021, Defendant LVNV via the services of collection its counsel, Defendant Stenger & Stenger, filed suit against Plaintiff Amber Priddy in the Jefferson Circuit Court of Jefferson County, Kentucky under case number 22-CI-004403 (the "State Court Collection Action").

11. The State Court Collection Action was an attempt to collect a charged-off negotiable note and instrument originated by SoFi Lending Corp. as personal loan (the "SoFi Loan"). A true and accurate copy of the Complaint filed in the State Court Collection Action (the "State Court Complaint") is filed as "Exhibit A."

12. The SoFi Loan was used solely for personal, family, and/or household purposes, which makes the charged-off loan a "debt" within the meaning of the FDCPA.

13. On August 9, 2021, Ms. Priddy, by counsel, filed a timely answer to the State Court Complaint (the "Answer") A true and accurate copy of the filed Answer is filed as "Exhibit B."

14. No further litigation action occurred in the State Court Collection Action thereafter.

15. On March 1, 2023, the Jefferson Circuit Court issued a show cause order in the State Court Collection Action (the "Action") demanding that LVNV show cause why the Court should not dismiss the case for lack of prosecution.

16. LVNV did not respond to the show cause order.

17. On April 10, 2023, the Jefferson Circuit Court dismissed the State Court Collection Action for failure to prosecute. A true and accurate copy of the Order of Dismissal is Filed as "Exhibit C."

18. On September 5, 2023, about five (5) months after the Jefferson Circuit Court dismissed the State Court Collection Action, Stenger & Stenger on LVNV's behalf moved for summary judgment, even though the Action had been dismissed. A true and accurate copy of the filed September 5, 2023 motion for summary judgment (the "MSJ") is filed as "Exhibit D."

19. Out of an abundance of caution, defense counsel for Plaintiff Priddy filed a response and objection to the MSJ in the Action.

20. On September 28, 2023, the Jefferson Circuit Court denied the MSJ on grounds that the Court no longer had jurisdiction over the case. A true and accurate copy of the Order denying is filed as "Exhibit E."

21. LVNV and Stenger & Stenger violated the FDCPA by: 1) misrepresenting the legal status of the debt when it falsely represented to Plaintiff Priddy and the state court there was still a pending lawsuit in which it could obtain a summary judgment; and 2) taking a legal action that cannot be taken in connection with the collection of a debt, *i.e.* moving for summary judgment in a dismissed case.

22. LVNV and Stenger & Stenger committed abuse of process by attempting to coerce Plaintiff Priddy into paying the alleged debt by improperly moving for summary judgment in the dismissed Action for the ulterior purpose of obtaining payment from Ms. Priddy or obtain judgment against her that LVNV had no legal right to obtain since the Action had been dismissed.

## CLAIMS FOR RELIEF

**I.   Claims against LVNV Funding, LLC**

  **A.   Violation of the FDCPA**

23. The foregoing acts and omissions of Defendant LVNV Funding, LLC ("LVNV") violate the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

24. LVNV's violations of the FDCPA include but are not limited to the following:

  i.   **Violation of 15 U.S.C. § 1692e(a)(2):** LVNV falsely misrepresented the status of the alleged SoFi Loan in the September 5, 2023 MSJ filed in the dismissed State Court Collection Action.

  ii.  **Violation of 15 U.S.C. § 1692e(5):** LVNV took actions to collect the SoFi Loan from Ms. Priddy by moving for summary judgment in the in the dismissed State Court Collection Action.

25. Ms. Priddy suffered actual damages arising out of LVNV's violations of the FDCPA including, but not limited to, liability for attorney's fees and costs incurred in the defense of the State Court Complaint in the State Court Collection Action.

  **B.   Abuse of Process**

26. The foregoing acts and omissions of LVNV constitute abuse of process under Kentucky law.

27. LVNV filed and served a motion for summary judgment in the dismissed State Court Collection Action.

28. The motion for summary judgment was not authorized and not proper under Kentucky law in the conduct of the State Court Collection Action.

29. LVNV filed the motion for summary judgment for the ulterior purpose of coercing payment out of Ms. Priddy.

## II. Claims against Stenger & Stenger, P.S.C.

30. The foregoing acts and omissions of Defendant Stenger & Stenger, P.S.C. ("Stenger & Stenger") violate the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

31. Stenger & Stenger's violations of the FDCPA include but are not limited to the following:

   i. **Violation of 15 U.S.C. § 1692e(a)(2):** Stenger & Stenger, on LVNV's behalf, falsely misrepresented the status of the SoFi Loan in the September 5, 2023 MSJ filed in the dismissed State Court Collection Action.

   ii. **Violation of 15 U.S.C. § 1692e(5):** Stenger & Stenger, on LVNV's behalf, took actions to collect the SoFi from Ms. Priddy by moving for summary judgment in the in the dismissed State Court Collection Action.

32. Ms. Priddy suffered actual damages arising out of Stenger & Stenger's violations of the FDCPA form of attorney's fees and costs she incurred defending against the State Court Action and the motion for summary judgement filed by Stenger & Stenger.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amber Priddy requests that the Court grant her relief as follows:

1. Award Plaintiff her actual damages;

2. Award Plaintiff maximum statutory damages against each Defendant pursuant to 15 U.S.C. §1692k for each Defendant's violations of the FDCPA;

3. Award Plaintiff punitive damages;

4. Award Plaintiff her attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

        Respectfully submitted,

        /s/ James H. Lawson
        James H. Lawson
        *Lawson at Law, PLLC*
        P.O. Box 1286
        Shelbyville, KY 40066
        Tel:   (502) 473-6525
        Fax:  (502) 473-6561
        james@lawsonatlaw.com

        James R. McKenzie
        *James R. McKenzie Attorney, PLLC*
        115 S. Sherrin Avenue, Suite 5
        Louisville, KY 40207
        Tel:   (502) 371-2179
        Fax:  (502) 257-7309
        jmckenzie@jmckenzielaw.com